No. 12,115.

ABRAMS v. COLWELL.

Decided April 22, 1929.

Messrs. SWERER & JOHNSON, for plaintiff in error.

Mr. Harry N. Haynes, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

M. H. Abrams sued Lula P. Colwell for damages for trespass. To the judgment in favor of the defendant, Abrams sued out a writ of error.

This action is due to the difficulty experienced in applying to the conditions upon the ground the terms of a decree quieting title to an easement for a ditch. Colwell claimed a right of way over Abrams' land for two ditches to carry water to a ten-acre strip of ground owned by Colwell. Her claim being denied, Colwell sued Abrams to quiet her title, and obtained the decree she sought. The decree was affirmed by this court. *Abrams v. Colwell,* 79 Colo. 46, 243 Pac. 615. The decree quieted her title to two rights of way, the one involved in this action being thus described: "To irrigate the west portion of said ten acres, when needed, an easement for the carriage of said water through and along a lateral ditch traversing said southeast quarter (SE ¼) of section Two (2) beginning at a point *south* of said pipe line on the west boundary of said quarter section, running thence in an easterly, southeasterly and then southerly course to a culvert crossing said public highway, to-wit: 778 feet west of the tile culvert referred to as subdivision (a) and thence through said culvert to plaintiff's said land."

This did not accurately and with exactness describe any ditch testified to by the witnesses at the trial of the present action. Abrams claimed that the right of way described in the decree was what is called ditch "A." That ditch, after the decree was entered, was destroyed for all practical purposes, so far as any use by Colwell is concerned, by the condemnation for reservoir purposes of a part of the land occupied by the ditch. Claiming that this destroyed Colwell's decreed easement, Abrams

refused to permit Colwell to conduct any water across the former's land for use on the west part of the latter's ten-acre strip. After some delay, Colwell plowed, or, as she claims, reopened, a ditch through which she obtained the water she needed; whereupon Abrams brought this action.

The questions for determination at the trial of this action were whether ditch "A" was the one described in the decree quieting title; and, if not, what ditch was described in that decree. Ditch "A," instead of beginning at a point south of the pipe line, as described in the decree, began at a point *north* of the pipe line. It proceeded in a roundabout way to the culvert referred to in the decree. The course of the ditch through which Colwell obtained water, after making connection "C" by plowing, is more direct, and is called ditch "B–C–D." It begins at a point *south* of the pipe line on the west boundary of the quarter-section, and runs substantially in an easterly, then in a southeasterly, then in a southerly direction to the culvert referred to in the decree. There was some evidence to the effect that that part of the ditch that is called "C" had not been there before Colwell plowed it. The evidence with reference to the exact course of the ditch described in the decree is confused; and it is rendered extremely confusing to us by the fact that some of the witnesses, referring to a map, would often indicate locations by pointing to the map and saying "here," "in this direction," etc. Such testimony, as counsel for Abrams justly remark, "while easily understood by the jury, added nothing to the record." Indeed, the entire evidence concerning the location of the ditch must have been better understood by the jury than it is by us, for the jury viewed the premises and observed the physical conditions there, including the contour of the ground; and this, no doubt, was a great aid to the jury in their consideration of the contradictory statements of the witnesses.

In one instruction the court stated the issue to be whether the plowing of said line "C" was rightful, to enable Colwell to enjoy her decreed easement, or a trespass, as claimed by Abrams, who asserts that said easement was for ditch "A." Another instruction quoted from the decree its description of Colwell's west easement. Another instruction was to the effect that the question for the jury to determine is whether said easement referred to in the decree is along ditch "A," as claimed by Abrams, or along ditch "B–C–D," as claimed by Colwell. In another instruction the court told the jury that while a right of way must be definite and certain, that requirement is met if the line used is substantially the same as it was found to exist at the time of the entry of the decree.

In arriving at a verdict for Colwell, the jury necessarily found that the easement described in the decree quieting title is along the line of ditch "B–C–D," as claimed by Colwell, and not along the line of ditch "A," as claimed by Abrams. From the record before us, we cannot say that the verdict is unsupported by the evidence.

The judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.